NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES HEMPHILL, | |
| Plaintiff, | |
| | Civil Action No. 07-2162 (JAG) |
| v. | |
| | OPINION |
| GRACE ROGERS, et al., | |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motions to dismiss the Amended Complaint by Defendants Philip Morris USA, Inc.; R.J. Reynolds Tobacco Company; Brown & Williamson Holdings, Inc.; Lane Limited; John Middleton, Inc.; Lorillard Tobacco Company; and M. Bernstein & Sons (collectively, the "Moving Defendants"), pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.[1]  For the reasons set forth below, Moving Defendants' motions to dismiss shall be granted.

### I. BACKGROUND

Pro se plaintiff James Hemphill ("Plaintiff") was a prisoner at the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey.  (Complaint ("Compl.") 3.)  Plaintiff alleges

---

[1] Defendant Philip Morris USA filed a motion to dismiss on November 2, 2007.  (Docket Entry No. 56.)  Defendants R.J. Reynolds, Brown & Williamson Holdings, Inc., and Lane Limited filed a motion to dismiss on November 7, 2007.  (Docket Entry No. 58.)  Defendants John Middleton, Inc., Lorillard Tobacco Company, and M. Bernstein & Sons each filed separate motions to dismiss on November 8, 2007.  (Docket Entries No. 61, 62 and 63.)

that, as a result of the chemicals added to Moving Defendants' tobacco products that "make smokers addicted to the cigarettes," he was "forced to suffer from the secondhand smoke that is produce[d] from there [sic] product." (Id. at 8-11.) Plaintiff contends that "the only persons who benefit[] from the tobacco is [sic] the smoker[,] who is able to satisfy his addiction[,] and the tobacco manufacturer[,] who makes a profit from the sale, at the cost of my health and possibly future damage to my health." (Id.) To describe his injuries, Plaintiff states that he has experienced "continued stomach problems through [a]cid [r]eflux [d]isease which is worsened from constant inhaling of second hand [sic] smoke, while incarcerated within this [i]nstitution (ADTC)." (Id. at 8.)

Plaintiff identifies "M. Bernstein & Sons Newark Tobacco & Candy Co." as the "[s]ole tobacco vender to the state prisons." (Id.) According to Plaintiff, M. Bernstein & Sons "[s]ells the tobacco products to the state institutional facilities for a profit and has no concern about the deadly health risk associated from secondhand smoke to non[-]smokers." (Id.)

## II. STANDARD OF REVIEW

A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his allegations that will entitle him to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also In re Warfarin, 214 F.3d at 397 (stating that a

complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

     A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him to relief, not whether that person will ultimately prevail. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The court's review of the sufficiency of a *pro se* complaint, "however inartfully pleaded," is less stringent than its review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A court must assume a *pro se* plaintiff's factual allegations are true and construe his claim liberally. See Nietzke v. Williams, 490 U.S. 319, 330 n. 9; Roman v. Jeffes, 904 F.2d 192, 197 (3d Cir. 1990).

### III. ANALYSIS

After liberally construing the Amended Complaint, this Court finds that Plaintiff has raised a Section 1983 claim against Moving Defendants for allegedly violating his First, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff also alleges that Moving Defendants

violated the New Jersey Smoke Free Act (the "NJSFA").[2]  This Court shall analyze Moving

Defendants' arguments supporting dismissal of the aforementioned claims.[3]

**A.**         **Plaintiff's § 1983 Claim Fails Because Tobacco Companies are Not State Actors**

In order to state a cause of action under Section 1983, a plaintiff must allege the violation

of a right secured by the Constitution or laws of the United States, which was committed or

caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988);

Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The Amended Complaint does not allege that Moving Defendants took action under color

of state law.  With the exception of M. Bernstein & Sons, Plaintiff does not even allege that

Moving Defendants sold their tobacco products at ADTC.

Even if Plaintiff had intended to allege that Moving Devendants provide their tobacco

products for sale at ADTC, a "private firm does not become a state actor by selling its products to

the government."  Steading v. Thompson, 941 F.2d 498, 499 (7th Cir. 1991); see also Vincent v.

Trend W. Technical Corp., 828 F.2d 563, 567-68 (9th Cir. 1987).  Several courts have held that

tobacco manufacturers are private entities, and that the mere sale of their products in state penal

---

[2] Plaintiff claims that this Court has jurisdiction, pursuant to the "New Jersey Clean Air Act N.J.S.A. 26.3D 55-63 [sic]."  However, New Jersey has no statute entitled the New Jersey Clean Air Act.  Since the citation provided in the Amended Complaint is that of the New Jersey Smoke Free Act, this Court shall construe the Amended Complaint as alleging a violation of the New Jersey Smoke Free Act.

[3] Defendants R.J. Reynolds Tobacco Co., Brown & Williamson Holdings, Inc., and Lane Limited suggest that, in the event that this Court deems any of Plaintiff's allegations sufficient to state a claim for product liability, such claim is deficient based on lack of causation. (Defs. R.J. Reynolds Tobacco Co., Brown & Williamson Holdings, Inc. and Lane Limited's Br. in Support of Motion to Dismiss at 9-10.)  In fact, this Court does not construe any of Plaintiff's allegations as stating a claim sounding in product liability.  As such, this issue need not be addressed.

institutions does not transform them into state actors acting under the color of state law. See Steading, 941 F.2d at 499; D'Allesandro v. Bugler Tobacco, No. 05-5051, 2007 WL 748443, at *2 (D.N.J. March 7, 2007); Johnson v. Lorillard, No. 01-9587, 2002 WL 1203842, at *2 (S.D.N.Y. June 3, 2002); Gonzalez v. Republic Tobacco Co., No. 98-7228, 2000 WL 343236, at *1 (N.D. Ill. March 31, 2000); Adul-Ahad v. Top Tobacco Co., No. 99-4067 1999 WL 967514, at *2 (N.D. Ill.Oct. 6, 1999). Plaintiff's Section 1983 claim against Moving Defendants must be dismissed.

### B.      The New Jersey Smoke Free Act Does Not Create a Private Right of Action

The NJSFA prohibits smoking in indoor public places and workplaces, with limited exceptions. See N.J. STAT. ANN. § 26:3D-58. However, the NJSFA provides no private right of action to plaintiffs aggrieved by a violation of its terms. N.J. STAT. ANN. § 26:3D-62(e) ("[T]here shall be no private right of action against a party for failure to comply with the provisions of this act."). As a matter of law, Plaintiff cannot articulate a viable claim against Moving Defendants under the NJSFA.

### IV.  CONCLUSION

For the reasons stated above, Moving Defendants' motions to dismiss the Amended Complaint shall be granted.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: May 6, 2008