NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
JAMES HEMPHILL,                     :
                                    :   Civil Action No. 07-2162 (JAG)
        Plaintiff,                  :
                                    :
    v.                              :
                                    :   **OPINION**
JOHN HOCHBERG, M.D., et al.,        :
                                    :
        Defendants.                 :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the unopposed motion to dismiss the Second Amended Complaint[1] for failure to prosecute by defendant, John Hochberg, M.D. ("Hochberg"), pursuant to FED. R. CIV. P. 41(B). (Docket Entry No. 92.) For the reasons set forth below, this motion shall be granted.

**BACKGROUND**

Pro se plaintiff James Hemphill ("Plaintiff") was a prisoner at the Adult Diagnostic & Treatment Center ("ADTC") in Avenel, New Jersey. (Second Am. Compl. 3.) On May 7, 2007, Plaintiff filed the instant action. On June 18, 2007, Plaintiff filed an Amended Complaint against

---

[1] Although Dr. Hochberg's motion papers indicate that he is moving to dismiss the Amended Complaint, as set forth herein, the official docket reflects that, on October 18, 2007, Plaintiff was granted leave to amend his First Amended Complaint. (Docket Entry Nos. 38 & 39.) For purposes of Dr. Hochberg's motion, this discrepancy is of no moment because Plaintiff filed the Second Amended Complaint to voluntarily dismiss Keefe Industries as a defendant and to add in its place M. Berstein & Sons Newark Tobacco & Candy Company, as a defendant.

Dr. Hochberg and defendant Correctional Medical Services. ("CMS") (Id. at 11-13.)[2] Plaintiff alleges that he was exposed to elevated levels of secondhand smoke at ADTC. (Id. at 15-16, 20.) Plaintiff also alleges that he was exposed to contagious diseases while incarcerated at ADTC. (Id. at 18-20.) Plaintiff further alleges that, while incarcerated, individual defendant prison officers tampered with his mail.[3] (Id. at 16-18.)

On October 23, 2007, this Court received a letter dated October 18, 2007 from Plaintiff advising that he had completed his term of incarceration, and would soon be transferred to an unknown federal immigration detention center ("October 18, 2007 letter.") (Docket Entry No. 45.) As such, Plaintiff requested that this Court forward any correspondence concerning the instant action to his sister's residence located at "31 Cumberland Avenue, Verona, New Jersey 07044." ("Verona address") (Id.)

On November 29, 2007, Dr. Hochberg and CMS filed a motion to dismiss the Amended Complaint for failure to state a claim, and sent a copy of the motion papers to Plaintiff's sister's Verona address. Plaintiff did not oppose the motion. On June 27, 2008, this Court issued an Opinion and Order, granting the motion to dismiss all claims against CMS and Dr. Hochberg, except for Plaintiff's Eighth Amendment claim for inadequate medical care against Dr. Hochberg.

---

[2] On September 5, 2007, Plaintiff moved to file a Second Amended Complaint, improperly entitled "Amended Complaint," which did not substantively affect the claims against Dr. Hochberg or CMS. On October 18, 2007, Judge Arleo issued an Order granting Plaintiff's motion to amend and deemed his proposed Second Amended Complaint filed as of the date of the Order.

[3] Plaintiff's claim regarding alleged tampering with his mail does not pertain to Dr. Hochberg.

On July 9, 2008, Dr. Hochberg filed an Answer. On that same date, Judge Arleo issued a Scheduling Order with a discovery end date of November 1, 2008. Motions to amend the pleadings were ordered to be filed by September 15, 2008.

On October 29, 2008, counsel for Dr. Hochberg sent interrogatories for Plaintiff to answer via certified and first class mail to Plaintiff's sister's Verona address. (Paul Smith Decl., at ¶¶ 2-3, 5.) Plaintiff did not provide answers to the interrogatories or otherwise attempt to communicate with Dr. Hochberg's attorney in connection with his discovery obligations. (Id. at ¶ 4.) As of Dr. Hochberg's filing of the instant motion to dismiss, the original interrogatories served via first class mail were never returned to Dr. Hochberg's attorney. (Id. at ¶ 5.) However, on November 10, 2008, Dr. Hochberg's original set of interrogatories served via certified mail were returned to his attorney as unclaimed. (Id. at ¶ 6.)

At the request of the remaining individual state defendants, on November 19, 2008, Judge Arleo issued an amended Scheduling Order, extending discovery until February 1, 2009. Judge Arleo cautioned that no discovery shall be served or engaged in thereafter.

On December 22, 2008, Dr. Hochberg filed a motion to compel Plaintiff to provide responses to Dr. Hochberg's outstanding discovery requests. On February 11, 2009, Judge Arleo denied the motion, without prejudice. Judge Arleo directed Dr. Hochberg to make reasonable efforts to locate Plaintiff within the prison system, as per Plaintiff's October 18, 2007 letter to the Court, or alternatively, to contact Plaintiff's family in Verona for his current address.

As part of Dr. Hochberg's motion to dismiss, he included an affidavit from Thomas Kelly, a private investigator ("Kelly,"), detailing his unsuccessful attempts to locate Plaintiff following his release from ADTC. Specifically, on March 10, 2009, Dr. Hochberg retained Mr.

Kelly's services. (Thomas Kelly Aff., at ¶ 2.) Mr. Kelly immediately contacted Plaintiff's sister, Joan Mackin, who resides at the Verona address. She informed Mr. Kelly that she believed Plaintiff had been deported to the United Kingdom and that he currently lives in Scotland. (Id. at ¶¶ 3-4.) Ms. Mackin further advised Mr. Kelly that she had spoken with Plaintiff on one occasion following his release and he confirmed that he was living in Scotland. (Id. at ¶ 5.)

Through Mr. Kelly's investigation, he learned, among other things, that on March 27, 2008, a United States Immigration and Customs Enforcement official notified the Ocean County Prosecutor's Office that Plaintiff had been deported from the United States through Newark Airport to the United Kingdom on December 11, 2007. (Id. at ¶ 9.) Additionally, Mr. Kelly's federal law enforcement contacts advised him that since Plaintiff's deportation to Scotland Plaintiff has not presented his passport for reentry into the United States. (Id. at ¶ 10.) Mr. Kelly also attempted, unsuccessfully, to receive contact information for Plaintiff in Great Britain. (Id. at ¶ 11.) Other than providing this Court with his sister's Verona address in October 2007, Plaintiff did not provide this Court with his new address upon his release from ADTC or upon his deportation from the United States.

As of this date, Plaintiff has neither participated in the prosecution of his case, nor provided this Court with any change of address information.

## DISCUSSION

Plaintiff's failure to prosecute this action and respond to Dr. Hochberg's outstanding interrogatories requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's

action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id. Each factor shall be discussed seriatim.

    1.    The Extent of the Party's Personal Responsibility

After Plaintiff's release from the custody of ADTC, in October 2007, he provided this Court and Dr. Hochberg's attorney with his sister's Verona address to receive correspondence related to this litigation. Thereafter, Plaintiff failed to provide this Court with the address of either the detention facility or private dwelling where he was residing, despite his obligation to do so, pursuant to L. CIV. R. 10.1(a). As directed by Judge Arleo, Dr. Hochberg's counsel made repeated attempts to ascertain Plaintiff's last known address, but to no avail. Plaintiff's failure to comply with his discovery obligations under FED. R. CIV. P. 26 and 33 and his failure to advise this Court of his current address under L. CIV. R. 10.1(a), demonstrate his lack of personal responsibility in prosecuting his claim. This conduct weighs in favor of dismissal.

    2.    Prejudice to the Adversary

Plaintiff's repeated failure to inform this Court or his adversary of his current address and failure to comply with his discovery obligations makes it impossible to determine his interest in pursuing this action, nor can this matter proceed, as per usual. The inability to proceed requires this Court to find that Dr. Hochberg has been prejudiced by Plaintiff's failure to prosecute this

case or to comply with his discovery obligations and the pertinent Local Civil Rules.

      3.      A History of Dilatoriness

Plaintiff's actions in this matter indicate a history of non-compliance. As noted above, Plaintiff has repeatedly failed to comply with discovery obligations since his release from prison. Dr. Hochberg's counsel made several attempts to locate Plaintiff – although it was Plaintiff's responsibility to advise his adversary and this Court of his address – so that he could provide answers to Dr. Hochberg's interrogatories and allow the parties to complete discovery, to participate in a Final Pretrial Conference, and to engage in summary judgment motion practice. Plaintiff never responded to the interrogatories propounded and never attempted to communicate with this Court following his November 7, 2007 letter regarding his pro bono application. (Docket Entry No. 64.) Furthermore, Plaintiff never contacted the Court with his current address so that the Court could effectively manage the case and allow the parties to engage in dispositive motion practice and/or proceed to trial.

      4.      Whether the Attorney's Conduct was Wilful or in Bad Faith

The fourth Poulis factor is not applicable here because Plaintiff is appearing as a pro se litigant. It is important to note that Plaintiff has not provided this Court with any justification for his non-compliance. Indeed, Plaintiff has made no attempt to contact this Court since November 2007. Based on Plaintiff's inaction, this Court finds that Plaintiff has made a willful decision not to litigate this civil action, as demonstrated by his pattern of dilatoriness and lack of cooperation.

      5.      Alternative Sanctions

There are no alternative sanctions that would be appropriate here. Plaintiff has demonstrated a distinct lack of desire to prosecute this civil action.

   6.   Meritoriousness of the Claim

  Finally, as to the sixth factor, in its June 26, 2008 Opinion and Order, this Court determined that Plaintiff averred a viable Eighth Amendment claim for inadequate medical care against Dr. Hochberg regarding his exposure to contagious disease.  However, as set forth above, Plaintiff has  failed to answer Dr. Hochberg's interrogatories or otherwise prosecute this civil action.  This Court cannot determine whether Plaintiff can prove his claims at trial merely based upon a review of the pleadings.

  A balancing of the Poulis factors weighs in favor of dismissing this action with prejudice.  Not all of the Poulis factors need to be satisfied in order to enter a dismissal.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, following his release from prison in October 2007, Plaintiff failed to prosecute this action,  to comply with his discovery obligations under FED. R. CIV. P. 26 and 33, and to provide this Court with his current address, pursuant to L. CIV. R. 10.1(a).  As such, Dr. Hochberg could not move for summary judgment, and a final pretrial conference could not be scheduled.  The sanction of dismissal is warranted here.

## CONCLUSION

  For the reasons stated above, Dr. Hochberg's motion to dismiss Plaintiff's Second Amended Complaint is granted.

               S/Joseph A. Greenaway, Jr.
              JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: December 1, 2009